IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNIVERSITY OF CONNECTICUT SCHOOL OF LAW TAX CLINIC | : : : | CIVIL ACTION NO. |
| Plaintiff, | : : | |
| v. | : : | |
| INTERNAL REVENUE SERVICE, | : : | |
| Defendant. | : | AUGUST 11, 2006 |

## COMPLAINT

1.	The Plaintiff, University of Connecticut School of Law Tax Clinic ("Tax Clinic"), is a low-income tax clinic at the University of Connecticut School of Law that seeks to ensure that Taxpayer Assistance Centers remain open to provide necessary assistance, information, and resources to low-income taxpayers n Connecticut.

2.	The Defendant, the Internal Revenue Service (the "IRS"), is a federal administrative agency of the United States, which is subject to the Freedom of Information Act, 5 U.S.C. Section 552 ("FOIA" or the "Act").

3.	This Court has jurisdiction over this matter pursuant to 5 U.S.C. Section 552(a)(4)(B), 26 U.S.C. Section 6110(f)(4)(a), and 28 U.S.C. Section 1331.

4.	Venue properly lies in this Court pursuant to 28 U.S.C. Section 1391(e) in that the IRS is an agency of the United States and the Tax Clinic resides in Connecticut

5.	The Tax Clinic seeks a mandatory injunction, requiring the IRS to disclose all responsive non-privileged documents, and directing the IRS to make the described records available to the Tax Clinic for inspection and copying.

**FIRST COUNT**

6. The IRS maintains certain records that relate to its proposed closing of a significant number of Taxpayer Assistance Centers ("TACs"), in which the Tax Clinic has an interest by reason of its representation of low-income taxpayers.

7. On or about June 28, 2005, the Tax Clinic duly requested in writing that the IRS, through the appropriate officer or employee of that agency, disclose the records mentioned below to the Tax Clinic, and that it provide copies of them, for which the Tax Clinic agreed to pay reasonable charges. (Attached as Exhibit A.)

8. Specifically, the Tax Clinic requested the following from the IRS:

   a. a complete description of the model, criteria and components used to determine the TAC closures, including but not limited to a description of how the data points were weighted;

   b. a complete description of the three business rules applied to the model;

   c. the ranking of all TAC centers after the model criteria was applied;

   d. all comments of IRSAC with regard to the proposed TAC closures and the model criteria; and

   e. all internal comments from the IRS with regard to TAC closures, especially the model criteria.

9. The Tax Clinic, its clients, and similarly situated individuals with federal tax concerns have drawn significant benefit from the resources and assistance available at TACs.

10. The Tax Clinic therefore seeks to review and evaluate The IRS's models, internal and external comments, and other reports to ascertain whether the IRS's decision to close several TACs is justified.

11. On or about August 31, 2005, the IRS responded that the Tax Clinic's FOIA request had been transferred to another Internal Revenue Service employee, Mr. James Daniels, due to transitions that were then taking place in its office. (Attached as Exhibit B.) The

response did not set forth the date on which a determination was expected to be dispatched, as required by 5 U.S.C. Section 552(a)(6)(B)(ii).

12. On or about October 19, 2005, the Tax Clinic repeated its request in a letter to the IRS's employee, Mr. Daniels, informing him that the Tax Clinic intended to commence this action if no response was received within ten (10) days. (Attached as Exhibit C.)

13. By letter dated November 15, 2005, the IRS stated that it would respond to the Tax Clinic's request by March 31, 2006. (Attached as Exhibit D.)

14. The IRS never made such a response, however, and has had no subsequent contact with the Tax Clinic relative to the Tax Clinic's request.

15. The records referred to were, and are, identifiable records within the meaning of FOIA.

16. The IRS has violated 5 U.S.C. Section 552 (a)(3)(A) by failing to make the records requested by the Tax Clinic promptly available to it.

17. The IRS has violated 5 U.S.C. Section 552(a)(6)(A)(i) by failing to determine within twenty (20) days after the receipt of the Tax Clinic's request whether to comply with such notice and by failing to notify the Tax Clinic promptly of its determination and the reasons therefore, and of plaintiff's right of appeal to the head of the agency. Nor has the IRS provided written notice extending the time within which such response should be made under 5 U.S.C. Section 552(a)(6)(B)(i).

18. The IRS's refusal to disclose the records to the Tax Clinic was wrongful and without lawful reason or excuse, and the Tax Clinic is entitled to the relief provided by the Act.

-4-

WHEREFORE, the Tax Clinic demands judgment and prays for the following relief:

1.	A mandatory injunction, requiring the IRS to disclose all responsive non-privileged documents immediately;

2.	A mandatory injunction, directing the IRS to make the described records available to the Tax Clinic for inspection and copying;

3.	Costs and reasonable attorneys' fees pursuant to 5 U.S.C. Section 552; and

4.	Such other relief as the Court may deem just and proper.

        PLAINTIFF,
        THE UNIVERSITY OF CONNECTICUT
        SCHOOL OF LAW TAX CLINIC

By	/s/Robert E. Koosa
    J. Charles Mokriski (ct06938)
    cjmokriski@dbh.com
    Robert E. Koosa (ct26191)
    rekoosa@dbh.com
For	Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    (860) 275-0100
    (860) 275-0343 (fax)
    Its Attorneys